UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DEAN STANDISH PERKINS, JR., et al., <br><br> Plaintiffs, <br> v. <br> WESTPORT INSURANCE COMPANY, a foreign corporation, <br><br> Defendant. | CASE NO. C07-1671RSM <br><br> ORDER DIRECTING FILING OF A STATEMENT OF STIPULATED FACTS PURSUANT TO RCW 2.06.010(4)(A) |
| WESTPORT INSURANCE COMPANY, a foreign corporation, <br><br> Counterclaimant, <br> v. <br> DEAN STANDISH PERKINS, JR., et al., <br><br> Counterdefendants. | |

This matter is now before the Court for consideration of the parties' motions for summary judgment and partial summary judgment. After consideration of arguments presented at the hearing on July 16, 2008, the Court has determined that it shall request further clarification from the Washington Supreme Court, pursuant to RCW 2.60.020, on the reach of RCW 48.18.320. As noted by plaintiff, the Washington Supreme Court previously ruled, in a case certified from the Ninth Circuit Court of Appeals, that this statute applies to both "claims made" and "occurrence-based" insurance policies. *American Continental Insurance Co. v. Steen*, 151 Wash. 2d 512 (2004). In so finding, the court stated,

> The statute is clear on its face and applicable to all insurance contracts. This includes claims-made policies. Accordingly, we hold RCW 48.18.320 prohibits and voids any agreement between an insured and insurer to retroactively cancel or rescind an insurance policy to the extent that it is made after the occurrence of the peril insured against.

*Id*. at 522.

ORDER - 1

| 1  | The question presented by defendant's summary judgment motion is whether the language
| 2  | regarding applicability to "all insurance contracts" includes professional liability policies which do not
| 3  | directly insure against loss or damage through legal liability for bodily injury, property damage or death.
| 4  | This Court has ruled previously that it does not. *See*, *Koch v. Travelers Casualty and Surety Company*
| 5  | *of America*, C05-842RSM, Dkt. # 29. The *Steen* court left this possibility open when it stated that the
| 6  | "plain language of the statue focuses on events for which the *insured* is legally liable . . . " *Steen*, 151
| 7  | Wash. 2d at 523 (emphasis in original). Here, plaintiff, as the insured, may be legally liable for the
| 8  | dismissal of his client's product liability claims on statute of limitation grounds, but he is not legally liable
| 9  | for the underlying bodily injury. Therefore, it may be too broad a reading of *Steen* to find that the
| 10 | language regarding applicability to **all** insurance contracts includes professional liability policies which do
| 11 | not insure against bodily injury, property damage, or death. This Court now finds that the most prudent
| 12 | course is to ask the Washington Supreme Court to decide this issue. Pursuant to RCW 2.60.030(1), the
| 13 | Court shall invoke the certification procedure on its own motion.
| 14 | Accordingly, pursuant to RCW 2.60.010(4)(a), the Court directs the parties to prepare a joint
| 15 | stipulation of facts showing the nature of the case and the circumstances out of which the question of law
| 16 | arises, upon which the Washington Supreme Court may rely in its consideration of the matter. They shall
| 17 | also submit, if possible, a joint statement of the question or questions of local law to be certified, pursuant
| 18 | to RCW 2.60.010(4)(b). Such stipulation and statement shall be filed by August 15, 2008. In the event
| 19 | the parties are unable to agree on a joint statement of facts or of the question to be certified, they may
| 20 | submit separate statements from which the Court will draw in putting together a statement of facts and
| 21 | questions.
| 22 | The Court shall defer a ruling on defendant's motion for summary judgment (Dkt. # 29) pending a
| 23 | decision by the Washington Supreme Court, and it shall be taken off the calendar. This deferral does not
| 24 | affect the status of plaintiff's motion for partial summary judgment as to the duty to defend (Dkt. # 25),
| 25 | and the Court shall proceed with a ruling on that motion.
| 26 | DATED this 22 Day of July 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER - 2